EVANS, VERNON W., Jr., Associate Judge.
Oceans Four Condominium Association, Inc. appeals a final judgment in favor of Doris Stafford, the owner of a condominium unit located at Oceans Four. The Association contends that the trial court erred in determining that the Association had wrongfully refused to decide which of two prospective purchasers was entitled to preference in purchasing Mrs. Stafford’s unit and that the Association was liable to Mrs. Stafford for damages in the delay of the sale. We agree and reverse.
On July 11, 1985, Mrs. Stafford entered into a contract to sell her condominium unit to the Dismukes for $210,000. The Dis-mukes did not own a condominium unit at Oceans Four. The Oceans Four declaration of condominium provided that, before an owner may sell his unit to an outside party, the other unit owners have the right to purchase the unit on the same terms. The declaration also provided that if more than one unit owner wishes to purchase, preference is given to the party whose unit is located closest to the unit for sale.
In accordance with the provisions of the declaration, Mrs. Stafford submitted a copy of her contract with the Dismukes and the Association posted the contract. On July 19, 1985, the Hulmes executed a contract for the purchase of the unit and one week later, Louisa Hart presented a contract for the purchase of the unit.
Both the Hulmes and Louisa Hart asserted that their respective units were located closest to the Stafford unit and therefore they were entitled to preference. As a result of the dispute, Mrs. Stafford’s attorney asked the Association to make a determination as to which contract the Association would approve so that Mrs. Stafford could proceed with the sale. Acting on the advice of its counsel, the Association declined to select a purchaser.
In September, 1985, Mrs. Stafford filed suit against the Association, the Hulmes, Louisa Hart and the Dismukes for a declaratory judgment and damages. In March, 1986, the Association authorized the Hulmes to purchase the unit. The litigation did not end with this determination as the Dismukes and Mrs. Hart continued to try to acquire the property. The trial court later determined that the Hulmes were entitled to the preference and ordered the sale to them.
The trial court also concluded that the Association had the duty to determine which unit was closest and that the failure of the Association to do so in a timely fashion caused damages to Mrs. Stafford. The court then awarded Mrs. Stafford damages including the loss of use of her property during the time the Association failed to act.
The Declaration of Condominium promulgated under Florida’s Condominium Act defines the relationships and duties of the parties involved in this suit. The Declaration of Condominium, in its material parts, is as follows:
*437 11.1 Transfers subject to approval.
a. Sale. No unit owner of a unit may dispose of a unit or any interest in a unit by sale without approval of the Association except to the owner of another unit. [Emphasis added].
* * s|t * * #
11.2 APPROVAL OF ASSOCIATION
The Approval of the Association which is required for the transfer of ownership of units shall be obtained in the following manner:
a. Notice to Association
(1) Sale. A unit owner intending to make a bona fide sale of a unit or any interest in it shall give to the Association notice of that intention together with an executed copy of the proposed contract with the name and address of the intended purchaser, the price, terms and conditions, if any.
Upon receipt of this information, the members of the Association shall have the First Right to accept such sale at the bona fide price and on terms contained in the contract. Notice to owners shall be made by posting information of the proposed sale along with the price, terms and conditions. Such notice is to be posted for a period of ten (10) days from the date of receipt of the request for approval of sale and any member wishing to exercise the right to purchase shall provide the seller and the Association with written notice of such intent within 15 days of the first day of the intent is posted.
If there is more than one owner wishing to purchase, then first preference will be given to the owner closest to the unit for sale. Owners in the same tower as the unit shall receive preference over owners in other towers. Upon receiving the notice and information the Association, to avoid delay and inconvenience for the unit owner, must act promptly to interview the prospective purchaser and offer first right of refusal to owners in Oceans Four.
b. Certificate of Approval
(1) Sale. If the proposed transaction is a sale to a nonmember, then within fifteen (15) days after receipt of the notice and information the Association must either approve or disapprove the proposed transaction. Such approval or disapproval of the buyer proposed by the unit owner is to be determined by personal interview with the Sales Approval Committee. The 15 days will be extended if necessary to provide reasonable time for the interview and necessary follow-up actions such as reference checks. If approved, the approval shall be stated in a certificate executed by the President and Secretary of the Association in recordable form. The certificate shall be recorded in the Public Records of Volusia County, Florida, at the expense of the purchaser. [Emphasis added].
There is no basis either in the Statute or in the Declaration of Condominium for fastening the extraordinary duty imposed upon the Association by the trial court. In fact, the emphasized portions of the Declaration of Condominium expressly reveal that no such duty existed. The Declaration of Condominium did provide a method for resolving the controversy, but none of the competing would-be purchasers could agree on a proper interpretation of the Declaration in order to settle the dispute.
The ruling of the lower court, in effect, found that the Association had a duty to provide what would amount to binding arbitration, with itself as arbitrator, for resolution of the controversy. Absent any provisions for such a procedure and corresponding duty, the proper forum for resolution was the circuit court.
The Florida Declaratory Judgment Statute provides that persons claiming to be interested in or having doubts about their rights under certain instruments, including contracts or other instruments in writing, may seek a declaration of those rights in a declaratory judgment action filed in the circuit court. § 86.011 et seq., Fla.Stat. (1987). The trial court did, in this case, properly decide which of the competing would-be buyers was entitled to a prefer *438 ence, which decision was wholly within the jurisdiction conferred upon the circuit court by the statute, but erred in holding that the Condominium Association had that very same duty.
The judgment entered against the appellant is therefore reversed and the cause is remanded to the trial court with directions to enter judgment for the appellant, Oceans Four Condominium Association, Inc.
REVERSED and REMANDED.
ORFINGER, J., concurs.
DANIEL, J., dissents with opinion.